AO 91 (Rev. 11/11) Criminal Complaint

BS
8/3/2021

# UNITED STATES DISTRICT COURT
### for the

United States of America )
v. )
Jeremie Adam Elkins )   Case No.
)       2:21-mj-517
)
)
)
_____ )
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___January 6, 2020 - June 14,2021___ in the county of ___Franklin___ in the

___Southern___ District of ___Ohio___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1029(a)(5) | Access device fraud |
| 18 U.S.C. 1029(b)(1) | Attempted access device fraud |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

SA *aligal Huse*
*Complainant's signature*

SA Abigail Huse
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/3/2021

City and state: Columbus, OH

*Judge's signature*

Elizabeth Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Abigail Huse, a Special Agent with the United States Secret Service, being duly sworn, depose and state as follows:

## I.      INTRODUCTION

1.      I am a Special Agent of the United States Secret Service (Secret Service) duly appointed according to law and acting as such.  I have been a Special Agent with the Secret Service since August 2019.  As part of my duties as a Special Agent assigned to the Columbus Resident Office, I investigate, among other things, allegations of fraud and violations of the laws and regulations of the United States, to include violations of 18 U.S.C. § 1029.

## II.     PURPOSE OF AFFIDAVIT

2.      The Secret Service is currently investigating Jeremie Adam Elkins for violations of federal law, including Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(5) and 1029(b)(1).

3.      The facts set forth below are based on my personal knowledge and experience with this investigation, as well as information provided to me by other law enforcement officers and persons with knowledge regarding this matter.   This affidavit is being submitted for the limited purpose of demonstrating probable cause for the issuance of a criminal complaint and arrest warrant for Jeremie Adam Elkins.  For that reason, I have not included each and every fact known to me concerning this investigation.

## III.    PROBABLE CAUSE

4.      Jeremie Adam Elkins (Elkins) was employed as an Engineer II- Network Engineer and Operations at Verizon, Inc. (Verizon) from January 6, 2020 to April 14, 2021. Elkins had a uniform and a badge, was provided with a corporate American Express Card, and was authorized to drive a Verizon vehicle. During his employment at Verizon, Elkins was authorized to make purchases as needed on his Verizon credit card. Verizon authorized Elkins to make purchases for things such as outside network equipment and other equipment that pertained to his duties. He was not authorized to make personal purchases. On or about April 14, 2021, Verizon terminated Elkins' employment. The basis for the termination was Elkins' unauthorized use of his Verizon corporate credit card.  According to Verizon, Elkins used his corporate card for $23,808.00 in fraudulent charges and $33,143.00 in denied charges. Verizon revoked Elkins' corporate credit card in September 2020. At that time, Verizon notified vendors that Elkins was no longer authorized to make purchases.

5.     W. W. Grainger, Inc. (Grainger) is a leading source of maintenance, repair, and operations supplies and other industrial products. Grainger offers more than 1.5 million products, ranging from motors to tools to safety supplies. Grainger specializes in business-to-business transactions and serves more than 3 million customers around the world. Grainger is headquartered in Illinois and has branch offices throughout the United States, including the Southern District of Ohio, to which its products are shipped in interstate and foreign commerce. Verizon is one of Grainger's clients. Among other services, Grainger provides tools and equipment for Verizon's service vans.

6.     When an employee of a Grainger account holder wants to place an order, he/she can do so at the counter in a Grainger branch office, through Grainger's website (if credentials are given), or by telephone through the Grainger call center. In each instance, the customer must provide a valid account number or telephone number to place an order. If the customer is not able to provide either piece of information, that individual is not authorized to order using the account and instead will have to pay with cash, a credit card, or a debit card until the individual is added to the account or Grainger is able to confirm from an authorized user that the employee is approved to make the purchase.

7.     On or about June 11, 2021, Grainger fraud investigators notified the Secret Service of suspected fraud committed by Elkins from approximately April 8, 2021 to June 11, 2021. Between approximately April 8, 2021 and May 26, 2021, Elkins placed at least 46 purchase orders (POs) in person at Grainger's branch office located at 3640 Interchange Road, Columbus, Ohio. Each time he used PO 8500670531. Verizon did not authorize any of the 46 orders. Grainger fulfilled all 46 orders. Elkins received all items from the 46 orders. Elkins personally picked up the majority of the products, in person and by himself, from the Grainger branch office at 3640 Interchange Road, Columbus, Ohio. The remaining orders were delivered to Grainger branch offices in Evansville, Indiana and Mobile, Alabama, respectively. The total value of the items that Elkins procured through these fraudulent transactions is approximately $936,084.19.

8.     The first time that Elkins picked up an order from the Grainger branch office located at 3640 Interchange Road, Columbus, Ohio, he was driving a Verizon truck and wearing a Verizon uniform. Elkins provided his telephone number, (740) 501-0876, to the sales specialist. The Grainger employee used this telephone number to pull up the Verizon account information, which was already pre-populated, and confirm that Elkins was registered on the account at that time. Elkins also provided a purchase order number, PO 8500670531, which he claimed was for a project that he was working on to outfit all new Verizon trucks in the area and potentially other cities, as well.

9.     When Elkins arrived to pick up subsequent orders, he was no longer driving the Verizon truck. Instead, he was driving a rental U-Haul box truck. When the Grainger team at the Columbus, Ohio branch office inquired about the truck, Elkins stated that he had gotten into an accident and his Verizon truck was being repaired. This is not something out of the ordinary for a customer of Verizon's size.

10.     In addition to interacting with Grainger employees in-person at one or more branch offices, Elkins has communicated multiple times with Grainger employees via text message from his cell phone, (740) 501-0876.  During those electronic communications, Elkins placed orders, confirmed purchases, and confirmed pick-up locations.

11.     Between approximately June 1, 2021 and June 10, 2021, Elkins placed 20 additional orders with Grainger in Columbus, Ohio.  Each time, he used Verizon PO 8500670531. Verizon did not authorize any of these orders. The total value of the products in these orders is approximately $953,746.91.  The products have been delivered to the Grainger branch office located at 3640 Interchange Road, Columbus, Ohio.  Elkins was scheduled to pick up the items on June 14, 2021, however he never obtained the items.

12.     The investigation has confirmed that PO 8500670531 was a valid Verizon purchase order number, but Verizon did not authorize Elkins to use that purchase order number to place orders with Grainger during or after his employment.

## IV.     CONCLUSION

13.     Based on the facts presented herein, I submit there is probable cause to believe that Jeremie Adam Elkins, knowingly and with the intent to defraud, used an unauthorized access device issued to Verizon (*i.e.*, PO 8500670531) without authorization to obtain products valued at approximately $936,084.19 over the course of one year, and in doing so affected interstate or foreign commerce, in violation of 18 U.S.C. § 1029(a)(5). Moreover, there is probable cause to believe that Jeremie Adam Elkins, knowingly and with the intent to defraud, attempted to use an access device issued to Verizon (*i.e.*, PO 8500670531) without authorization to obtain products valued at approximately $953,746.91 over the course of one year, and in doing so affected interstate or foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(5) and 1029(b)(1).

Respectfully submitted,

SA *Abigail Huse*
Abigail Huse
Special Agent
United States Secret Service

Sworn to and subscribed before me this ___3ᵈ___ day of August, 2021 at Columbus, Ohio.

HONORABLE ELIZABETH PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE